IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH LEAMONT | ) |
| | ) JURY TRIAL DEMANDED |
| | ) |
| VS. | ) |
| | ) |
| FIRSTSOURCE ADVANTAGE, LLC | ) |

## COMPLAINT

**The Plaintiff demands a trial by a jury of twelve and two alternates.**

### PRELIMINARY STATEMENT

This action is brought by an individual consumer pursuant to the *Fair Debt Collection Practices Act of 1978*, 15 U.S.C. §1692 *et seq.*, ("FDCPA" or the "Act") and the *Telephone Consumer Protection Act of 1991* ("TCPA").

### JURISDICTION AND VENUE

1. Jurisdiction in this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337.

2. That Plaintiff's cause of action under the TCPA arises under the laws of the United States. 28 U.S.C. §§ 1331, *Mims v. Arrow Financial Services, LLC* 132 S.Ct. 740, 753 (U.S.,2012). Plaintiff's cause of action under the TCPA is also is predicated upon the same facts and circumstances that give rise to his federal cause of action. As such, this Court has supplemental jurisdiction over Plaintiff's TCPA causes of action pursuant 28 U.S.C. §1367.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391b(1) and (2) because this judicial district is where a substantial part of the events or omissions giving rise to the claim occurred.

### PARTIES

4. Plaintiff Joseph Leamont ("Plaintiff") resides at 806 4th Avenue, Parkesburg Pennsylvania and he is a citizen of the Commonwealth of Pennsylvania.

5. Defendant is Firstsource Advantage, LLC with mailing address of 205 Bryant Woods South, Amherst, New York, 14228 and it is a New York limited liability corporation organized under the laws of the State of New York.

6. The Defendant was and is retained by creditors (collectively "Creditors") to collect unpaid debts from consumer debtors such as the Plaintiff. Plaintiff believes and therefore avers that the Defendant is also a buyer of debt and collects that debt for its own account.

7. The TCPA makes it "unlawful for any person ... to ... us[e] any automatic telephone dialing system or an artificial or prerecorded voice ... to [make a call to] any telephone number assigned to a ... cellular telephone" without "the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A) (iii).

8. That at all times relevant herein, Plaintiff owned, operated and/or controlled "customer premises equipment" as defined by the TCPA, 47 U.S.C.§ 153(14), that originated, routed, and/or terminated telecommunications.

9. That at all times relevant herein, Plaintiff was and is a "person" as defined by the TCP A, 47 U.S.C.§ 153(32).

10. That Defendant, at all times relevant herein, owned, operated and/or controlled "customer premises equipment" as defined by the TCP A, 47 U.S.C.§ 153(14), that originated, routed, and/or terminated telecommunication.

11. That at all times relevant herein, Defendant has used the United States mail service, telephone, telegram and other instrumentalities of interstate and intrastate commerce to attempt to collect consumer debt allegedly owed to another.

12. That Defendant, at all times relevant herein, engaged in "interstate communications" as that term is defined by the TCPA, 47 U.S.C. §153(22).

13. That Defendant, at all times relevant herein, engaged in "telecommunications" as defined by the TCPA, 47 U.S.C. §153(43).

14. That Defendant, at all times relevant herein, used, controlled and/or operated "wire communications" as defined by the TCPA, 47 U.S.C. §153(52), that existed as instrumentalities of interstate and intrastate commerce.

15. That Defendant, at all relevant times herein, used, controlled and/or operated "automatic telephone dialing systems" as defined by the TCPA, 47 U.S.C. §227(a)(l) and 47 C.F.R. 64.1200(f)(1).

16. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

## SUBSTANTIVE ALLEGATIONS

17. That the Plaintiff incurred a debt. Said debt will hereinafter be referred to as "the subject debt".

18. That upon information and belief, the subject debt was an obligation to pay money arising out of a transaction in which the money or services which were the subject of the transaction were primarily for personal, family or household purposes.

19. That the subject debt is a "debt" as that term is defined by 15 U.S.C.§1692a(5).

20. That on January 4, 2012, the Defendant began placing telephone calls to the plaintiff's cellular and home telephone for the purpose of collecting the subject debt.

21. That in January of 2012, Plaintiff received 20 telephone calls from the Defendant. The Defendant left a prerecorded message and/or artificial voice on Plaintiff's home and cellular telephones during most of the calls to the Plaintiff. The Defendant used an automatic telephone dialing system to place these calls.

22. Plaintiff believes, and therefore avers, that the defendant employs two different automated telephone calling systems called SoundBite and Blaster which are capable of leaving prerecorded messages for the subject of the call.

23. At no time did the plaintiff provide prior express consent to the defendant to contact him on his cellular telephone.

24. Using the aforementioned telephone systems the defendant placed telephone calls to the plaintiff's home telephone number and his cellular phone as follows on January 4, 2012:

    a. Call to home at 9:15 AM;
    b. Call to cellular phone 9:40 AM;
    c. Call to home at 11:13 AM;
    d. Call to cellular phone at 1:01 PM;
    e. Call to home at 2:30 PM.

25. That on January 4, 2012 the defendant placed a call to at 2:30 PM on January 4, 2012 and spoke with the plaintiff's spouse. The plaintiff's spouse advised the Defendant that the plaintiff was represented by counsel with respect to the subject debt. Although she provided the plaintiff's attorney's contact information, including the attorney's name, address, telephone number and, facsimile number, the defendant continued to repeat his demands for payment of

3

the subject debt and continued to repeat demands that the defendant discuss the subject debt.

26. That on January 5, 2012, the Defendant placed additional telephone calls to plaintiff on his home and cellular telephones for the purpose of collecting the subject as follows:

    a. Call to home telephone at 8:30 AM;
    b. Call to plaintiff's cellular phone at 8:33 AM; and
    c. Call to plaintiff's home at 11:57 AM

27. That on January 6, 2012, the Defendant placed additional telephone calls to plaintiff on his home and cellular telephones for the purpose of collecting the subject as follows:

    a. Call to plaintiff's home at 9:37 AM;
    b. Call to plaintiff's cellular phone at 9:54 AM; and
    c. Call to plaintiff's home at 11:52 AM;

28. That during the defendant's call to the plaintiff's cellular phone at 2:30 PM on January 6, 2012 for the purpose of collecting the subject debt the defendant spoke with the plaintiff. During that telephone call the plaintiff provided the name, telephone number, and address for his attorney and stated that counsel represented him with respect to the subject debt.

29. The defendant responded to the plaintiff's statement regarding his attorney representation with respect to the subject debt and the attorney's contact information by saying that the defendant was "required" to explain the plaintiff's options. The defendant then told the plaintiff if the plaintiff sent the defendant "$3,600 this will all go away."

30. The plaintiff responded to the defendant's statements by again advising the defendant of plaintiff's attorney's contact information as requested that the defendant call the plaintiff's attorney, the defendant repeated that he was "required" to explain the plaintiff's options to the plaintiff. The plaintiff then terminated the telephone call.

31. That on January 7, 2012, the Defendant placed a call to plaintiff's home telephone number at 12:01 PM.

32. That on January 9, 2012, the Defendant placed calls to plaintiff's cellular phone and his home telephone number as well as work telephone number his as follows:

    a. Call to plaintiff's home at 8:54 AM;

4

    b.    Call to plaintiff's home at 8:55 AM at which time "Dave" left a voice message for the plaintiff to call him back.
    c.    Call to plaintiff's cellular phone at 9:02 AM;
    d.    Call to plaintiffs work telephone number at 9:04 AM;
    e.    Call to plaintiff's work telephone number at 9:05 AM.

33. At no time did the plaintiff's attorney consent to defendant's direct communication with plaintiff.

34. On January 10, 2012, the plaintiff met with his attorney and his attorney's office. With the plaintiff in his attorney's office the plaintiff and his attorney called the defendant to advise of the attorney's representation of the plaintiff. The defendant was provided with the attorney's contact information including his name, telephone number, address, and facsimile number.

35. On January 11, 2012, the defendant called the plaintiff's home telephone at 1:53 PM.

36. On or about January 18, 2012, the plaintiff received that collection correspondence from the defendant demanding payment of $2075.73 for the subject debt.

37. Plaintiff believes and therefore avers that the Defendant corresponded with him using American Express letterhead with correspondence dated February 3, 2012, directing the plaintiff to call the Defendant at 877-420-5095.

## COUNT I

### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT OF 1978

38. Plaintiff repeats, realleges and incorporates by reference the preceding and succeeding paragraphs in this complaint as if each of them was reprinted herein below.

39. The claims for debts sent by the Defendant to the Plaintiff for collection comprise a "debt" within the meaning of 15 U.S.C. §1692a(5).

40. Defendant is a "debt collector" within the meaning of 15 U.S.C. §1692a(6).

41. The Defendant has violated 15 U.S.C. § 1692d because its activity as described herein is "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

42. Section 1692e of the FDCPA prohibits false and misleading representations or procedures in connection with debt collection. 15 U.S.C. § 1692e such as the defendant's false representation as to the amount of the subject debt.

43. The FDCPA lists conduct that is in violation of § 1692e, without limiting its general application. *See* 15 U.S.C. § 1692e(1)-(16). The prohibitions listed include the false representation of the character, amount or legal status of any debt, 15 U.S.C. § 1692e(2)(A), the use of false representations or deceptive means to collect or attempt to collect a debt, 15 U.S.C. § 1692e(10), and "the failure to disclose clearly in all communications made to collect a debt ... that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose," 15 U.S.C. § 1692e(11).

44. The Defendant has violated 15 U.S.C. § 1692e including but not limited so subsections (2)(a), (5), (7), (10), and (13) because their activity as described herein constitutes "false, deceptive, or misleading representation or means in connection with the collection of any debt" including the amount of the debt.

45. The defendant has also violated 15 U.S.C. § 1692c(a)(2) which proscribes the debt collector from communicating with the plaintiff after the debt collector knew the plaintiff was by represented by an attorney with respect to the debt in question.

46. Defendant is liable to the Plaintiff for damages under 15 U.S.C. §1692k, including also without limitation costs and attorney's fees.

## COUNT TWO

### (Telephone Consumer Protection Act of 1991

### and 47 C.F.R.14.1200, et seq.)

47. Plaintiff repeats, re-alleges and incorporates by reference the preceding and succeeding paragraphs in this complaint as if each of them was reprinted herein below

48. The Defendant at all times material and relevant hereto, unfairly, unlawfully, and intentionally violated the TCPA, 47 U.S.C.§227, et seq. and 47 C.F.R.14.1200, et seq.

49. The Defendant at all times material and relevant hereto, unfairly, unlawfully, intentionally, deceptively and/or fraudulently violated the TCPA, 47 U.S.C. §227, et seq. and 47 C.F.R.14.1200, et seq. and TCPA, 47 U.S.C. §227(b)(l)(A)(iii) by initiating telephone calls to Plaintiffs cellular telephone using an automatic telephone dialing system and/or used an artificial and/or

prerecorded voice to deliver messages without the prior express consent of the Plaintiff.

50. The acts and/or omissions of Defendant at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and fraudulently with the express and sole purpose of unfairly, unlawfully, intentionally, deceptively and fraudulently coercing Plaintiff to pay the alleged debt despite Plaintiff owing no obligation.

51. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

52. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this complaint, were not acted or omitted pursuant to 47 C.F.R. §64.1200(f)(2).

53. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this complaint, caused the Plaintiff to sustain damages as a result of their innumerable telephone calls that harassed, annoyed and abused Plaintiff, and disturbed his peace and tranquility at home and elsewhere.

54. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this complaint, caused the Plaintiff to sustain damages and experience severe emotional distress.

55. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this complaint, is liable to actual damages, statutory damages, treble damages, and costs and attorneys fees.

56. Plaintiff received approximately 21 telephone calls from an automatic telephone dialing system and/or an artificial and/or prerecorded voice entitling Plaintiff to Five Hundred Dollars and No Cents ($500.00) for each artificial and/or prerecorded telephone call pursuant to the TCPA, 47 U.S.C. §227(d)(3)(B), from the defendant in the amount of Ten Thousand Five Hundred Dollars and No Cents ($10,500.00).

57. The Defendant caused said telephone calls of an artificial and/or prerecorded nature to be placed willfully and/or knowingly entitling Plaintiff to a maximum of treble damages in the amount of Thirty One Thousand Five Hundred Dollars and No Cents ($31,5000.00). pursuant to TCPA, 47 U.S.C.§227(d)(3).

WHEREFORE, Plaintiff respectfully requests that judgment be entered against the Defendants for:

(a)  Actual damages pursuant to FDCPA 15 U.S.C. §1692k(a)(l);

(b)  Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) and TCPA 47 U.S.C. §227(b)(3);

(c)  Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

(d)  For such other and further relief as may be just and proper.

A JURY TRIAL IS DEMANDED.


Respectfully submitted:

RNL3966

By_____
RICHARD N. LIPOW, ESQUIRE
625  Swedesford Road
Malvern Pennsylvania 19355
(610) 251-2500

Attorney for Plaintiff

VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

Joseph Leamont affirms that the following statements are true and correct under penalties of perjury:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by our attorney and believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to Defendant, or create a needless increase in the cost of litigation to Defendant.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.


Dated: 2/21/12                              /s/ Joseph Leamont
                                            JOSEPH LEAMONT